## INHABITANTS OF ORONO *vs.* DANIEL EMERY.

### Penobscot.    Opinion March 31, 1894.

*Tax. Suit. Written Directions. Pleading. Proof. R. S., c. 6, § § 141, 175.*

The selectmen of a town gave a direction in writing to the tax collector of the town, properly dated, directed to the collector and signed by the selectmen, of the following tenor, "Sir: You are hereby ordered to collect by due process of law, by suit or otherwise, all the taxes remaining unpaid to date." *Held;* that this was not a direction to commence an action of debt in the name of the inhabitants of the town, as required by R. S., c. 6, § 175; and that without such a direction an action for the recovery of taxes in the name of the inhabitants of the town cannot be maintained.

In an action for the recovery of taxes in the name of the inhabitants of a town, the failure to prove such a written direction as is required by the statute, may be taken advantage of in defense under a plea of the general issue.

On exceptions.

Action of debt to recover taxes assessed against the defendant, a resident of the town of Orono.

Declaration : "For that the said Daniel Emery, on the first day of April, A. D., 1887, was an inhabitant of said Orono, and liable to be taxed therein, and the assessors of taxes for the year A. D., 1887, duly elected and legally qualified, assessed upon said Emery the sum of $18.40, on his land and buildings thereon, on the north side of Mill street, his homestead ; $13.80, on land and buildings thereon on south side of Mill street, corner of Pleasant street, occupied by him as a shop, and three dollars for his poll tax, in all the sum of $35.20, said sum being his proportion of the town, county and State tax for said year 1887. And the said assessors did on the 20th day of June, A. D., 1887, make a perfect list of said taxes under their hands, and commit the same to the hands of Alanson Kenney, collector of said town for said year, who was duly elected and duly qualified with a warrant in due form of law for said year, under their hands of the date aforesaid. And the plaintiffs aver that the said tax was duly and seasonably demanded of said Emery by said collector prior to the commencement of the suit, whereby and by reason of the statute in such case made and provided, the defendant became liable and an action hath accrued to the plaintiffs, to have and recover of the said defendant the sum of $35.20, of which sum said Emery has paid the amount of $25.20, and no more, and owes the balance, to wit, the sum of ten dollars and interest on same from August 1st, 1887. And the plaintiffs further aver that the selectmen of said town, on the 3d day of September, A. D. 1887, in writing by them signed, directed this action to be commenced ; to the damage," &c.

Plea, general issue.

The municipal officers testified that they employed counsel to attend to this case and sanctioned the prosecution ; that as selectmen they approved the prosecution of the suit and were directing it ; and that the notice was given to bring suits in several cases such as the collector saw fit to bring in the name

of the town. The written direction to the collector is stated in the opinion.

The action, which came into this court upon an appeal by the plaintiffs from a trial justice, was heard before the presiding justice, who ruled that the action could be maintained upon the evidence, for the unpaid balance due, and the defendant took exceptions.

*Jasper Hutchings*, for plaintiffs.

Pleading the general issue is a waiver of objection that the written directions were not given according to the statute, if they are not good. 1 Chit. Pl. p. 446; *Boynton* v. *Willard*, 10 Pick. 166; *Walpole* v. *Gray*, 11 Allen, p. 149, and cases; *Littlefield* v. *Pinkham*, 72 Maine, 369; *Trustees, &c.* v. *Kendrick*, 12 Maine, 381; *Savage Mfg. Co.* v. *Armstrong*, 17 Maine, 34; *Kellar* v. *Savage*, 20 Maine, 199.

The court will not require technical precision or accuracy of town officers in the wording of this notice. It can be no objection to this order that it is in the alternative.

The selectmen authorized this suit by word of mouth and are here prosecuting it. This serves equally well to guard against abuse of the power to bring suit in the name of the town as a written order, and is a sufficient substitute for a writing.

*T. W. Vose*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WISWELL, J. This is an action brought in the name of the inhabitants of a town to recover a tax assessed against the defendant in the plaintiff town, for the year 1887, under section 175, chap. 6, of the Revised Statutes. No question is made as to the legality of the assessment, but it is claimed by the defense that the action cannot be maintained because the requirements of this section were not observed.

The section so far as applicable to the question under consideration is as follows: "In addition to the other provisions for the collection of taxes duly assessed, the mayor and treasurer

of any city, the selectmen of any town, and the assessors of any plantation to which a tax is due, may in writing direct an action of debt to be commenced in the name of such city or of the inhabitants of such a town or plantation, against the party liable."

The direction alleged in the writ and relied upon by the plaintiffs is as follows:

"Orono, September 3d, 1887.

"To Alanson Kenney, Collector of Taxes for Town of Orono.

"Sir: You are hereby ordered to collect by due process of law, by suit or otherwise, all the taxes remaining unpaid to date.

A. J. Durgin,   &rbrace;  Selectmen
Nath'l Frost,   &rbrace;  of Orono."

There are various methods provided by law for a tax collector to enforce the collection of taxes, committed to him. He may distrain the delinquent's property; he may take the body; and by chap. 206 of the laws of 1880, incorporated into section 141, chap. 6, of the Revised Statutes, the Legislature authorized a collector of taxes or his executor or administrator to sue in his own name for any tax in an action of debt.

By the section under which this suit was commenced a still further remedy is provided, whereby the selectmen of a town may in writing direct an action of debt to be commenced in the name of the inhabitants.

We think the intent of the Legislature is obvious. It is the duty of tax collectors to collect, ordinarily at their own expense, the taxes committed to them for the compensation agreed upon. They may proceed by any of the methods provided by statute, and, if they deem it advisable, they may commence actions of debt in their own name. But there may be occasions when for special reasons, such as the denial of liability, a question as to the validity of the assessment and for other reasons, it would be equitable and proper for the city or town to allow a suit to be brought in its name, pay the expenses and be liable for costs in case of defeat. As to the sufficiency of these reasons in any case the selectmen of the town are the sole judges. If they see fit they "may *in writing* direct an action of

debt to be commenced in the name of such city or of the inhabitants of such town or plantation against the party liable."

We do not think that the selectment of Orono did this or attempted to do it in the written direction dated September 3rd, 1887. It was rather a direction to the collector to do his duty in collecting unpaid taxes by suit or otherwise. There was certainly no direction to bring suit in the name of the inhabitants and we cannot think that the selectmen intended to give such a direction. Whether necessary or not, we think that a direction under this section should be as to an action or actions against a particular party or parties.

But the plaintiffs' counsel says in answer to this objection that the defendant cannot raise the question as to the want of a sufficient direction under his plea of the general issue, and that he has waived the objection by not taking advantage of it by proper and seasonable pleading.

The ability of a plaintiff to sue, the existence of a plaintiff corporation, the capacity of a plaintiff as alleged by him are all admitted by a plea of the general issue, and ordinarily any requirements of law intended for the benefit of a defendant may be waived by him by pleading the general issue, for instance, the requirement that the assignment or a copy must be filed with the writ to enable the assignee of a chose in action to maintain a suit in his own name ; that the officer before serving a replevin writ shall take from the plaintiff a bond ; and the indorsement of every original writ by some sufficient inhabitant of the State when the plaintiff is a non-resident. Other illustrations might be given. See *Littlefield* v. *Pinkham*, 72 Maine, 369, and cases cited.

But we do not think that the principles governing in such cases apply to the objection made by the defendant in this case. He does not question the ability of the plaintiffs to sue nor the existence of the plaintiff corporation. His objection is that a suit in the name of an inhabitant of a town to recover a tax is not authorized by statute, unless the selectmen of the town have in writing directed the same to be brought.

Nor is this requirement of the statute intended for the benefit

of the defendant.  It is rather for the benefit of the town, that the town may not be rendered liable for expenses and costs except when the selectmen authorize it.  For these reasons we think that the question involved in this case does not come within the rule laid down in the *Littlefield* v. *Pinkham, supra.*

The plaintiffs' counsel relies upon the statement of the general rule found in Chitty on Pleadings, page 462, in the following language, "But matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should in general be pleaded in abatement."  The objection raised by the defendant does not merely apply to the present proceeding.  It denies the right of the town to sue for the recovery of a tax in its own name until a certain definite direction has been given by the selectmen, and so far as we know this may never be done.

We are confirmed in our opinion that the defendant should be allowed to raise this objection under his plea of the general issue, because the fact of a direction in writing or not, may have been within the exclusive knowledge of the plaintiffs.  The plaintiffs allege such a direction and it was incumbent upon them to prove it.  The proof disclosed a failure to comply with an important and material requirement of the statute, without which suit cannot be maintained.

*Exceptions sustained.*